IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**VEXAS, LLC,**

                **Plaintiff,**

-vs-                                                      **Case No. A-09-CA-791-SS**

**HILL ENTERPRISES, LLC; SAMMI HILL;
CAPITAL TOXICOLOGY, LLC; and DOES 1
THROUGH 25, Inclusive,**

                **Defendants.**

## O R D E R

      BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiffs Millennium Laboratories Inc., and Vexas, LLC (collectively "Plaintiffs")'s Motion for Judgment on Controlling Law [#153], Defendants Hill Enterprises, LLC, Tradewinds Synergymed, LLC, Sammi Hill, Capital Toxicology, LLC, and Allen Brzozowski (collectively "Defendants")'s Response [#164], and Plaintiffs' Reply [#166]. Having reviewed the motion, response, reply, evidence, the applicable law, and the case file as a whole, the Court issues the following opinion and order.

### Background

      Millennium is a California company that performs clinical testing and drug screening on urine specimens. Def. Mot. at 1. Millennium's principal place of business is in San Diego, California. *Id.* Vexas is a Texas limited liability company. Pl. Resp. at 3. Defendants Hill Enterprises, LLC ("Enterprises"); Sammi Hill; Tradewinds SynergyMed, LLC ("Tradewinds"); Allen Brzozowski; and Capital Toxicology are all Texas residents or Texas entities operating a competing

urine testing service. Def. Mot. at 2. Enterprises and Tradewinds are both sole owner LLCs, owned by Hill and Brzozowski respectively. Def. Reply at n.3.

In December 2008, Hill and Brzozowski entered into Independent Contractor Agreements ("ICAs") with Vexas, LLC on behalf of Enterprises and Tradewinds. Def. Mot. at 2. The ICAs contain a "Governing Law" provision which reads: "This Agreement shall be interpreted, construed, governed and enforced in accordance with the laws of the State of California." ICA at ¶ 23. According to Plaintiffs, the ICAs set forth the agreement of the parties to "market to Millennium's clients and generate specimens for urine testing at Millennium's California laboratory." Def. Mot. at 3. Defendants dispute that the ICAs were intended to benefit Millennium as a third-party beneficiary, and indeed, Millennium is only obliquely referred to once in the ICAs. *See* Pl. Resp. at 3; ICA at ¶ 2. Thus, Defendants assert all the parties to the ICA are Texas entities with no substantial relationship to California. Pl. Resp. at 3.

Hill and Brzozowski procured business cards stating they were Millennium partners and listing Millennium's California address. Def. Mot. at 3. They distributed materials and forms about Millennium's California testing services, facilities, operations, and support staff all of which identified Millennium's California address. *Id.* They trained physicians to collect and send specimens through the mail to the laboratory in San Diego and regularly communicated directly by phone and email with Millennium's employees in California. *Id.* However, all of the clients with whom Hill and Brzozowski did business are in Texas, and Hill and Brzozowski rendered all of their services in Texas. Pl. Resp. at 3. During the term of the ICA, Hill and Brzozowski formed their own urine testing business, Capital Toxicology, and began marketing their services to some of the same clients who had previously sent their samples to Millennium in California. Def. Mot. at 4.

Vexas filed this suit in the Southern District of California, but the parties agreed to transfer the case to this Court and Millennium eventually joined as a Plaintiff. Def. Mot. at 4. Vexas seeks damages for breaches of five provisions of the ICAs and Millennium seeks damages as a third-party beneficiary under the ICAs and for Defendants' misappropriation of Millennium's trade secrets and related torts. *Id.* at 4-5.

Plaintiffs argue California law should apply to the contract claims because California law was clearly selected by the parties in the ICAs. Plaintiffs also argue the tort claims for trade secret misappropriation, unfair competition, and other related torts are governed by California law because California has the most significant relationship to the issues in dispute. Defendants argue Texas law should apply to the contract claims because the choice of law provision in the ICA is invalid. Defendants also argue Texas law should apply to the tort claims because Texas has the most significant relationship to the issues in dispute.

## Analysis

### I. Contract Claims Are Governed by California Law

#### A. Texas Law Gives Effect to the ICA Choice of Law Provision

This Court applies Texas choice of law rules. *See Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004). Texas has adopted the "most significant relationship" test of the Restatement (Second) of Conflicts of Law § 187 except in "those contract cases in which the parties have agreed to a valid choice of law clause." *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984). It is undisputed that the parties agreed to a provision in the ICAs choosing California law. Thus, the only question is whether any of the Restatement exceptions apply to invalidate the choice of the parties.

### B. No Exceptions Apply

When evaluating a choice of law clause in a contract, a court will apply the law of the state chosen by the parties unless:

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187(2); *see also Int'l Interests, L.P. v. Hardy*, 448 F.3d 303, 306-07 (5th Cir. 2006). Thus, the parties "cannot require that their contract be governed by the law of a jurisdiction which has no relation whatever to them or their agreement. And they cannot by agreement thwart or offend the public policy of the state the law of which ought otherwise to apply." *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677 (Tex.1990).

The first exception itself contains two steps. First the court must determine whether the chosen state has a substantial relationship to the parties or the transaction. If it does not, then the court must determine whether there is no other reasonable basis for the parties' choice. Plaintiffs' impliedly agree California does not have a substantial relationship to the parties or the transaction. *See* Pl. Reply [#166] at 2 (asserting only that "the parties had a reasonable basis for their choice of California law."). Defendants focus on the citizenship of the parties to the ICA, all of which are Texas entities, the services in Texas for which the contract was entered into, and the location of the clients in Texas. *See* Def. Resp. at 3. Thus, they argue, none of the parties have a substantial relationship to California. Defendants use the same facts to contend there was no other reasonable

basis for the parties' choice. This ignores the second step of the test, and it is this step which requires the Court to apply the law of California pursuant to the parties' choice.

It is perfectly reasonable for the parties to have chosen California law. Defendants argue "[t]he only possible connection that these parties or this transaction have to California is that the parties' Texas-based clients ship urine samples to Millennium in California." Def. Resp. at 3. While that is true, the connection is stronger than Defendants state. As discussed above, Hill and Brzozowski procured business cards stating they were Millennium partners and listing Millennium's California address. Def. Mot. at 3. They distributed materials and forms about Millennium's California testing services, facilities, operations, and support staff all of which identified Millennium's California address. *Id.* They trained physicians to collect and send specimens through the mail to the laboratory in San Diego and regularly communicated directly by phone and email with Millennium's employees in California. *Id.* In short, it was perfectly reasonable for the parties to have chosen California law since Millennium was based there. The parties knew they would be sending urine samples to Millennium in California and that Vexas was merely an intermediary contractor. The parties agreed California law would govern and no fundamental public policy of Texas is offended by applying the choice of the parties.[1]

---

[1]This contract was clearly a form, likely used by all of Millennium's network of subcontractors when enlisting the services of other subcontractors. Based on the intent of the parties, at least initially, to send urine samples to Millennium in California, California choice of law was not unreasonable. However, merely indicating California law applies does not, by definition, indicate Millennium was an intended beneficiary of all portions of the ICA. As the Court indicated in its order on the summary judgment motions, Millennium's third party beneficiary status is, at least in part, a question of fact of the intent of the parties. This order merely determines that California law will apply to such an inquiry.

## II.     Tort Claims Are Governed by California Law

The choice of law provision in the ICA does not cover the entire relationship between the parties, thus the Court analyzes the tort claims separately. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726-27 (5th Cir. 2003), modified on denial of reh'g, 355 F.3d 356 (5th Cir. 2003). Plaintiffs also argue their tort claims should be governed by California law. The parties agree the appropriate analysis is found in Restatement §§ 6 and 145. The Restatement explains the law of the state with the most significant relationship to the particular substantive issue should be applied to resolve that issue. RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 6, 145.

The Restatement lists the relevant factors for consideration in a choice of law analysis as:

(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.

*Id.* § 6. Section 145 provides further guidance for tort claims: "The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in [§] 6." *Id.* § 145. The relevant contacts to determine the most significant relationship include:

(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.

*Id.* As relevant here, "the application of the significant relationship test does not 'turn on the number of contacts, but more importantly on the qualitative nature of those contacts as affected by the policy factors enumerated in Section 6.'" *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex.1979)). The focus is not on the entirety of the lawsuit or the tort claims, but instead on the "particular substantive issue" in dispute. *See id.* (citing *Duncan*, 665 S.W.2d at 421). The particular substantive issue in Plaintiffs' tort claims is the existence, ownership, and protection of Millennium's trade secrets.[2]

Both the § 6 and the § 145 factors favor the application of California law to Plaintiffs' tort claims. California law has adopted the Uniform Trade Secrets Act ("UTSA"). *See* Cal. Civ. Code § 3426 *et seq*. Although Texas has not adopted the UTSA, Texas courts have recognized states which have adopted the UTSA better support the needs of the interstate and international systems to ensure the viability and consistency of interstate commerce for business operating in industries in which trade secret protections are necessary. *See RMS Software Dev., Inc. v. LeS, Inc.*, No. 01-96-00824-CV, 1998 WL 74245, at *3-4 (Tex. App.—Houston [1st Dist.] Feb. 19, 1998, no pet.). Allowing California law to govern Plaintiffs' claims here ensures the uniform protection of trade secrets regardless of the state in which an interstate business is marketing services.

Further, California has a relatively stronger interest in the determination of the particular issues than Texas. Millennium owns and protects its trade secrets through actions it takes in California. Indeed, the injury to its trade secrets, as well as to its diminished urine specimen testing volumes, occurred in California. Aside from Millennium, all the parties are Texas entities.

---

[2]Plaintiffs also bring claims for unfair competition and intentional interference with prospective economic advantage, but these claims are premised on Defendants misappropriation of Plaintiffs' trade secrets.

However, this is the only factor in either § 6 or § 145 which counsels in favor of the application of Texas law.

The parties' justified expectations in this case clearly point to the applicability of California law. The parties clearly anticipated the possibility of being subject to California law in at least some capacity by adopting the California choice-of-law provision in the ICAs. *See Malibu Consulting Corp. v. Funair Corp.*, SA-06-CA-735-XR, 2008 WL 583882, *3 (W.D. Tex. Feb. 28, 2008) (finding the parties expectations were justified where they had agreed on California law in a provision of their contract). This is particularly so since the definition of trade secrets in the ICA affirms the applicability of the California UTSA. ICA at ¶ 11. Similarly, the duty to maintain the confidentiality of certain trade secrets arises, at least in part, under the ICAs. As discussed above, the ICAs are governed by California law, thus the parties expectations are justified by applying California law to the trade secret claims which are inherently related to the ICAs. There is no indication Millennium anticipated having the efforts it took to protect its trade secrets in California determined by Texas law, simply because it was accusing Texas entities of misappropriating them.

Application of California's UTSA also better promotes certainty, predictability and uniformity of result. Texas courts have recognized that states who have adopted the UTSA have an interest in applying and enforcing it to promote those interests and to protect trade secrets developed in their states. *RMS Software Dev., Inc.*, 1998 WL 74245, at *3-4.

Finally, the ease of determining and applying California's law also favors its applicability. *Id.* at *3-4 (finding the UTSA is easier to determine and apply than Texas courts' adoption of § 757 of the Restatement (First) of Torts). Ease of application favors California law even more here, where

Millennium's ownership and protection of trade secrets will turn, in part, on the interpretation of the ICAs, which are governed by California law as discussed above.

Defendants merely count the contacts of the entities with each state and determine there are more contacts with Texas. *See De Aguilar v. Boeing Co.*, 47 F.3d at 1413 (indicating the "qualitative nature" of the contacts is more important than the number of contacts). This ignores the focus of the Restatement on the particular substantive issue relevant to resolving the dispute and the Texas cases which have clearly indicated applying the Uniform Trade Secrets Act is highly favored because it promotes uniformity, consistency, and certainty. Defendants also rely on commentary in the Restatement indicating the location of a defendant's conduct is given greater weight in a misappropriation of trade values claim. *See* Def. Resp. at 6 (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145, cmt. d). This does not overcome the significant importance of the application of the UTSA. Texas cases have found applying the UTSA should be given more weight, and the remaining factors also point to California law. Here the substantive issue involves trade secrets and Millennium's injury which was felt in California. In sum, while most of the parties are Texas residents or entities, all the other factors listed in Restatement §§ 6 and 145 strongly favor the application of California law. As such, California law will be applied to Plaintiffs' tort claims.[3]

---

[3] Just as this order does not determine Millennium's status as a third-party beneficiary, it also does not determine whether Millennium has trade secrets or whether Defendants misappropriated any trade secrets of either Plaintiff. Rather, this order only clarifies that California law will apply to both Plaintiffs' tort claims.

**Conclusion**

In accordance with the foregoing,

IT IS ORDERED that Plaintiffs' Motion for Judgment on Controlling Law [#153] is GRANTED. Under Texas' choice of law rules, California law governs Plaintiffs' contract and tort claims in this case.

SIGNED this the 10th day of September 2010.

　　　　　　　　　　　　　　　　　　／s／ Sam Sparks
　　　　　　　　　　　　　　　　　　SAM SPARKS
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE